# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

EVERGREEN SPORTS, LLC,    )
        )
      Plaintiff,    )
        )
v.        )     Civil Action No. 3:12CV911–HEH
        )
SC CHRISTMAS, INC., *et al.*,    )
        )
      Defendants.    )

## MEMORANDUM OPINION
### (Denying Motion to Dismiss)

This is an action for breach of contract and indemnification arising out of the sale of allegedly defective retail goods.[1] Pursuant to a written contract, Plaintiff Evergreen Sports, LLC ("Evergreen") purchased the subject goods from Defendant SC Christmas, Inc. ("SC Christmas"). Upon delivery, Evergreen allegedly found the merchandise in a defective and unsalable condition. Evergreen therefore filed this lawsuit. SC Christmas moves for dismissal, arguing that Evergreen has not adequately established the amount in controversy to establish subject matter jurisdiction[2] and that it alleges insufficient facts to plead breach of contract. For the reasons that follow, the motion will be denied.

---

[1] The retail goods at issue are Christmas ornaments and decorations bearing licensed professional and college sports team logos.

[2] Evergreen asserts diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), which requires: (a) that the parties be completely diverse (*i.e.* all defendants are citizens of different states than all plaintiffs); and (b) that the amount in controversy exceeds $75,000. Evergreen is a citizen of Delaware and Virginia. SC Christmas is a citizen of Michigan, as is its co-defendant, Stan Aldridge. Thus, the parties are completely diverse. The sole jurisdictional issue then is whether the amount in controversy exceeds $75,000.

# I. BACKGROUND

As required by Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court assumes Plaintiff's well-pleaded allegations to be true, and views all facts in the light most favorable to him. *T.G. Slater & Son v. Donald P. & Patricia A. Brennan, LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citing *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). Likewise, the Court must accept as true the sum claimed for jurisdictional purposes. *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010). Viewed accordingly, the Court construes the facts as follows to resolve the Motion to Dismiss.

On April 23, 2012, Evergreen and SC Christmas executed an "Asset Purchase Agreement" (the "Contract") whereby Evergreen would purchase an inventory of retail goods (the "Inventory") from SC Christmas's Arkansas facility. (Compl. at ¶ 7, Ex. 1, ECF No. 1.) The total purchase price of the Inventory was $3,058,127, though there is a provision for a marginal upward or downward adjustment depending on whether the retail value of the goods is determined to be greater than $5,100,000 or less than $4,900,000. (*Id.* Ex. 1.) Several individuals are also signatories to the Contract, including Defendant Stan Aldridge, a SC Christmas shareholder.[3] (*Id.* Ex. 1.)

Any adjustment to the purchase price is determined by the "Closing Inventory Statement"—a physical counting of the inventory that Evergreen was required to do after the transaction was completed. (*Id.*) Evergreen indicates that it could not "determine the

---

[3] Although Stan Aldridge is a co-Defendant in the case, the Court will refer to the parties collectively as "SC Christmas." There appear to be no facts at this point that distinguish the actions of SC Christmas from those of Mr. Aldridge. None of the other individual signatories has been named as a defendant in this case.

Closing Inventory . . . despite using commercially reasonable efforts to do so" because of SC Chrismas's own "refusal to remedy their breaches." (*Id.* at ¶ 22.) Evergreen does not specifically explain how the alleged breach interfered with the preparation of a "Closing Inventory Statement." (*Id.*)

The Contract included a number of express warranties. (*Id.* at ¶ 10.) Relevant here, Section 11(f) of the Contract includes a warranty that "[t]he Inventory is merchantable, usable, and salable in the ordinary course of business. The Inventory is free from defects in materials and workmanship." (*Id.*) Also, Section 17 requires SC Christmas to indemnify Evergreen for "any inaccuracy in or breach of any representation and warranty made . . . in this Agreement or in any closing document delivered to" Evergreen. (*Id.* at ¶ 12, Ex. 1.)

After paying the purchase price, Evergreen determined that the Inventory was defective to the point that it is not merchantable. (*Id.* at ¶¶ 16-19.) Evergreen alleges, therefore, that SC Christmas has breached its warranty under Section 11(f) of the Contract, resulting in a loss of at least $675,000. (*Id.* at ¶¶ 17, 20-21.) According to Evergreen, SC Christmas has not disputed that the Inventory is defective, but has refused to remedy the defects as required by the Contract. (*Id.* at ¶¶ 23-24.)

Evergreen initiated this lawsuit by filing a two-count Complaint alleging breach of contract and a separate claim for indemnification. (*Id.* at ¶¶ 28-39.) The breach of contract claim (Count I) seeks damages in the amount of $675,000, plus interest, attorney's fees, and costs. Evergreen's indemnification claim (Count II) seeks attorney's fees, costs, and expenses resulting from the alleged breach of warranty. SC Christmas

3

moves to dismiss for lack of subject matter jurisdiction, arguing that Evergreen has not

sufficiently established that its claim exceeds the $75,000 jurisdictional threshold under

28 U.S.C. § 1332. Alternatively, SC Christmas argues that Evergreen fails to allege any

specific defects giving rise to a breach of warranty claim and that Evergreen failed to

inspect the inventory and prepare a "Closing Inventory Statement," as required by the

Contract. Neither basis for dismissal is well-founded.

## II. SUBJECT MATTER JURISDICTION

The Court begins its analysis by addressing the jurisdictional challenge because it

impacts "the court's very power to hear the case." *Owens-Illinois, Inc. v. Meade*, 186

F.3d 435, 442 n.4 (4th Cir. 1999). The basis of the jurisdictional challenge here is

Evergreen's apparent failure to explain or substantiate its claimed damages of $675,000.

The pleadings indicate that these damages resulted from alleged defects with the

Inventory and that the figure is exclusive of attorney's fees and costs. (Compl. at ¶¶ 20,

33.) For jurisdictional purposes, nothing more is required.

In the Fourth Circuit, the jurisdictional amount in controversy is determined

according to the standards set forth in *JTH Tax*, 624 F.3d 635. "In most cases, the 'sum

claimed by the plaintiff controls' the amount in controversy determination." *Id.* at 638

(quoting *St. Paul. Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). When

a defendant challenges the jurisdictional amount, that defendant "shoulder[s] a heavy

burden." *Id.* It must establish "the legal impossibility of recovery" such that the plaintiff

is shown to act in bad faith in alleging the amount in controversy. *Id.* (citations and

internal quotation marks omitted). "A mere dispute over the mathematical accuracy of a

4

plaintiff's damages calculation does not constitute such a showing." *Id.* (citation omitted).

SC Christmas fails to address this standard, instead asserting that the Complaint "alleges no facts supporting the amount claimed or enabling the Court to ascertain whether such damages are requested in good faith." (Def.'s Mem. Supp. Mot. Dismiss at 9-10.) In this way, SC Christmas attempts to shift the burden to Evergreen to show its good faith, rather than "shoulder[ing]" its own "heavy burden" to show that Evergreen acted in bad faith. *JTH Tax*, 624 F.3d at 638. Having failed in this regard, "the sum claimed by the plaintiff controls." *Id.* (citation and internal quotation marks omitted). Evergreen's alleged amount in controversy of $675,000 satisfies the jurisdictional threshold, and so the Court finds that it possesses subject matter jurisdiction under 28 U.S.C. § 1332.[4]

### III. SUFFICIENCY OF THE CLAIMS

Having established jurisdiction, the Court must now address SC Christmas's motion to dismiss under Fed. R. Civ. P. 12(b)(6). SC Christmas identifies two purported

---

[4] SC Christmas attempts to distinguish *JTH Tax*, arguing that the issue here is not merely a "dispute over the mathematical accuracy of a plaintiff's damages calculation." (Def.'s Reply Supp. Mot. Dismiss at 10.) Instead, it "submit[s] that the utter lack of any support for the amount of damages requested negates any presumed good faith of Evergreen's allegations." (*Id.*) To support this proposition, SC Christmas cites *McDonald v. Patton*, 240 F.2d 424, 425 (4th Cir. 1957), which forbids "a mere pretense as to the amount in dispute" to satisfy the jurisdictional threshold. Whatever the shortfalls of Evergreen's pleadings, there is simply no indicia that its damages claim is "mere pretense." Given the more than $3,000,000 price tag in this Contract, it is plausible that a defective condition would result in $675,000 of damages. Thus, the Court will accept the jurisdictional amount at face value, given SC Christmas's inability to demonstrate bad faith or mere pretense.

shortcomings in the Complaint. First, it argues that Evergreen's allegation of defective merchandise is entirely conclusory. According to SC Christmas, Evergreen must identify the specific defects at issue. Second, SC Christmas argues that Evergreen has not alleged that it performed an inspection of the Inventory or prepared a "Closing Inventory Statement"—both required under the Contract. Neither purported deficiency is fatal to Evergreen's claims.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citation omitted), to one that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* In considering such a motion, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *T.G. Slater*, 385 F.3d at 841 (citation omitted). Legal conclusions enjoy no such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Pursuant to a choice of law provision, Delaware law governs the Contract.[5] (Compl. ¶ 14.) The elements of a breach of contract claim under Delaware law are: (1) the existence of the contract; (2) the breach of an obligation imposed by the contract; and (3) resultant damages. *VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003). The same elements generally apply to a claim for breach of an indemnification agreement. *See Goodrich v. E.F. Hutton Group, Inc.* 542 A.2d 1200, 1204 (Del. Ch. 1988) (citing *Am. Ins. Co. v. Material Transit, Inc.*, 446 A.2d 1101 (Del. Super. Ct. 1982)). With respect to both the breach of contract and indemnity claims brought in this case, only the second element is in dispute. Specifically, SC Christmas takes umbrage with Evergreen's general allegation that the Inventory was "defective," arguing that this is a conclusory allegation of breach.

SC Christmas notes that Evergreen has not described the specific defects at issue or identified which subset of goods are defective. This is not fatal to Evergreen's claim, because it has alleged other facts which give rise to a plausible inference that the Inventory was defective. For example, Evergreen alleges that it "identified the Defective Inventory, informed [SC Christmas] of the reasons why the Defective Inventory does not comply with the [] warranties . . . and demanded that [SC Christmas] remedy such breaches." (Compl. at ¶ 23.) Additionally, Evergreen alleges that SC Christmas has "not disputed that the Defective Inventory violates and is in breach of Defendants'

---

[5] As a federal court exercising diversity jurisdiction, the Court must apply the choice of law rules of the forum state—Virginia. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1937). Virginia enforces choice of law provisions in contracts. *Paul Bus. Sys., Inc. v. Canon U.S.A., Inc.*, 397 S.E.2d 804, 807 (Va. 1990) (citations omitted).

representations and warranties." (*Id.* at ¶ 24.) Based on these allegations, Evergreen's claims rise "above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

Additionally, SC Christmas argues that Evergreen has "pleaded itself out of court" by admitting that it failed to inspect the Inventory and prepare a "Closing Inventory Statement"—a purported failure to satisfy a condition precedent. Assuming, *arguendo*, that such obligations are conditions precedent, Evergreen has pleaded that the conditions are excused due to SC Christmas's own "refusal to remedy their breaches." (Compl. at ¶ 22.) Delaware law recognizes the "prevention doctrine," which "provides that a party may not escape contractual liability by reliance upon the failure of a condition precedent where the party *wrongfully prevented* performance of that condition precedent." *A.I.C., Ltd. v. Mapco Petroleum, Inc.*, 711 F. Supp. 1230, 1238 (D. Del. 1988) (citation omitted) (emphasis in original). Taking Evergreen's allegations as true, any failure to satisfy a condition precedent may be excused by SC Christmas's own allegedly wrongful conduct. Dismissal on this basis is not appropriate.

## IV. CONCLUSION

In sum, Evergreen has adequately asserted the jurisdictional amount to establish diversity jurisdiction and has alleged sufficient facts to state its claims. Accordingly, SC Christmas's motion to dismiss will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
_____
Henry E. Hudson
United States District Judge

Date: March 19, 2013
Richmond, Virginia

8