IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| EVERGREEN SPORTS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:12CV911–HEH |
| | ) |
| SC CHRISTMAS, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION
**(Granting in Part and Denying in Part Plaintiff's Motion to Supplement the Record to Include Fees and Expenses Incurred Since the October 29, 2013 Hearing)**

In this lawsuit seeking contractual indemnification for nonconforming goods, this Court, by Memorandum Opinion and accompanying Order dated December 20, 2013, awarded Plaintiff damages in the amount of $760,803, attorneys' fees of $388,471, and litigation expenses totaling $15,000. This award of attorneys' fees was based on evidence and exhibits presented during the trial of the liability portion of this case on October 29, 2013. At trial, Plaintiff elected to limit its evidence to fees incurred up to October 1, 2013.

Approximately one month following the trial on damages and indemnification, Plaintiff filed the present motion seeking additional fees and expenses incurred during and since the October 29, 2013 hearing. In this pleading, Plaintiff requests $208,343.61 in additional fees for preparation and representation at trial. These fees and expenses can be conveniently placed into three separate categories: (1) those incurred in preparation for trial; (2) time and expenses associated with the trial itself on October 29, 2013; and (3)

post-trial expenses involved in the preparation of a post-trial memorandum in lieu of final argument.[1]

While the Defendants concede that a trial court has the discretion to reopen the evidence for good cause shown, they object to the additional fees and expenses sought by the Plaintiff because they were neither disclosed nor proven as an element of damages during trial. The Defendants place specific emphasis on fees incurred from October 1, 2013 through October 28, 2013. These consist primarily of hours billed and expenses incurred in direct preparation for trial. The Defendants also maintain that Plaintiff should have offered evidence of an estimate of any additional fees they expected to incur during the balance of the case. In the Defendants' view, to allow the Plaintiff to seek additional contractual indemnification in the form of supplemental attorneys' fees without the opportunity of cross examination would be highly prejudicial and inappropriate.

Both parties acknowledge that it is within the district court's discretion to reopen the case to admit new evidence. *See Dent v. Beazer Materials & Servs., Inc.*, 156 F.3d 523, 532–33 (4th Cir. 1998). As the United States Court of Appeals for the Fourth Circuit articulated in *United States v. Abbas*, 74 F.3d 506, 510–11 (4th Cir. 1996), *cert. denied*, 116 S. Ct. 1868, a district court should consider the following factors in weighing the decision to admit new evidence. Among the salient considerations are whether the evidence sought to be introduced is especially important and probative, whether the moving party's explanation for failing to introduce the evidence earlier is bona fide and

---

[1] At the close of the evidence on October 29, 2013, the Court gave counsel the option of arguing their case at that time or presenting a post-trial memorandum of no more than 20 pages. Counsel opted to file a post-trial memorandum.

lastly, if reopening the case will cause undue prejudice to the moving party. In the immediate case, the Defendants focus their opposition primarily on the failure of Evergreen Sports, LLC to explain its failure to present evidence of supplemental fees at trial. Defendants argue, plausibly, that a sophisticated law firm of the stature of Plaintiff's counsel should have been able to generate its billings for the first twenty-eight days of October 2013 with minimal effort, or at least a reasonable approximation.[2] This Court is inclined to agree. Plaintiff had ample opportunity to prove these damages at trial and failed to do so.

On the other hand, the fees and expenses incurred for participating in the actual trial on damages and indemnification, and the drafting of the post-trial memorandum ordered by the Court, were less foreseeable. The joint decision by counsel to file post-trial memoranda rather than present oral argument was made in the closing moments of the case. With respect to both of these categories of fees and expenses, this Court feels that Plaintiff's explanation for failing to introduce the evidence earlier is more defensible. Moreover, since these fees and expenses are sought pursuant to a contractual indemnification clause, the evidence clearly has probative value. However, of some concern to the Court is the potential prejudice to the Defendants.

Entertaining a request for additional fees at this stage clearly entails reopening Evergreen Sports, LLC's case-in-chief. Fundamental fairness dictates that the Defendants have an opportunity to cross examine the supporting witnesses and offer

---

[2] It appears that the total attorneys' fees sought for this period is approximately $150,000. Plaintiff's counsel are partners with Greenberg Traurig, LLP, which their Website describes as an international law firm with 1,800 lawyers in more than 30 locations across the United States.

3

rebuttal evidence. Therefore, the Court will allow the Defendants ten days from the issuance of this Memorandum Opinion to request an additional hearing on the amounts awarded for actual participation in trial and preparation of the post-trial memorandum. If no hearing is requested, a final order will be entered.

Based on the foregoing analysis, and the framework set forth in this Court's Memorandum Opinion and Order dated December 20, 2013, this Court will award attorneys' fees of $9,645 and expenses of $8,411 covering travel to and from Richmond, Virginia, and the one day trial on damages. The Court will also award $4,500 in related trial preparation costs.[3]

The final category of fees and expenses claimed by Plaintiff were those incurred in the preparation of a 20 page post-trial memorandum. This pleading, in essence, recited key portions of the evidence supporting Plaintiff's theory that the goods at issue were nonconforming and its estimate of the resulting damages. While the task of harvesting evidence from the transcripts was undoubtedly somewhat time consuming, neither the evidence nor legal issues were complex or atypically challenging. Plaintiff, however, seeks legal fees of $39,290 and expenses of $8,021 for preparation of the post-trial memorandum and other assorted post-trial activities. Plaintiff requests indemnification for 86.70 hours of time dedicated by three attorneys, including approximately 25 hours of legal research and 12 hours of case law review. Under any standard of measure, the

---

[3] Plaintiff seeks compensation for a third lawyer present during the trial. As discussed in more detail in this Court's previous Memorandum Opinion, the trial of this case consisted of the testimony of two witnesses and argument on Defendants' Motion to Dismiss. It required less than six hours, including a break for lunch. Neither the evidence, nor the factual issues were complex. The presence of a third lawyer was simply unnecessary.

amount requested by Plaintiff for preparation for a 20 page post-trial memorandum, almost $2,000 per page, is excessive.

A cursory review of the billing records for November 2013 reveals that almost all tasks performed related to drafting of the 20 page post-trial memorandum.[4] This Court has previously determined that the hourly rates charged by Plaintiff's counsel are within the median range for lawyers of their caliber. The Court will therefore begin its assessment of their claim for additional compensation by determining the reasonable number of hours required to review the trial transcript consisting of 266 pages, research pertinent issues, collect their thoughts and draft a 20 page memorandum.

Turning first to the complexity of the legal issues addressed and the depth of research required, there appears to be three main areas. These include the burden of proof and measure of damages for breach of warranty under Delaware law, valuation of distressed goods and mitigation of damages. Each of these issues is controlled by well settled and easily accessible Delaware case law.

From a factual perspective, counsel reviewed and analyzed the trial transcript, of which 203 of 266 pages covered the testimony of the two witnesses Plaintiff produced at trial, and a number of trial exhibits. Aside from a few documents, and the fruits of cross examination, the Defendants offered no substantive evidence at trial.

For reviewing the record and crafting the post-trial memorandum, Plaintiff's counsel claim $39,290 in attorneys' fees and $8,021 in associated expenses. Their claim

---

[4] As explained earlier in this Memorandum Opinion, no additional indemnification will be awarded for services rendered or fees incurred prior to the October 29, 2013 trial except necessary travel expenses to Richmond.

reflects 86.70 hours of time by three attorneys, roughly four hours per page. In addressing Plaintiff's request for supplemental attorneys' fees under the contractual indemnification provision, neither side directly touches on the factors and computational methodology articulated in *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243–44 (4th Cir. 2009) (citing *Johnson v. Ga. Highway Express*, 488 F.2d 714 (5th Cir. 1974)). The Court will therefore employ reasonable billing judgment in assessing appropriate fees. *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 1939 (1983).

In this Court's opinion, the number of hours reasonably required by an experienced trial lawyer to prepare the post-trial memorandum would be no more than 40. This would reasonably consist of 10 hours to read and analyze the testimony of their own two witnesses, 10 hours to research pertinent legal issues and 20 hours to draft, edit and revise the memorandum. This envisions two hours of attorney time per page.

Analysis of the billing records indicate that 63 percent was attributed to Paul Ferak, 32 percent to Caitlyn E. Jones, and five percent to David G. Barger. This results in the fee award that follows:

| | |
|---|---|
| Ferak: 40 x .63 = 25.2 hours at $550 per hour = | $13,860 |
| Barger: 40 x .05 = 2 hours at $690 per hour = | $ 1,380 |
| Jones: 40 x .32 = 12.8 hours at $275 per hour = | $ 3,520 |
| Total: | $18,760 |

In addition, the Court will award Plaintiff $2,450 for costs incurred in preparation of the post-trial memorandum. This includes copying, printing, postage, transcript preparation and reasonable research.

Based on the foregoing analysis, this Court will grant in part and deny in part, Plaintiff's Motion to Supplement the Record to Include Fees and Expenses Incurred Since the October 29, 2013 Hearing. The Court will award total supplemental attorneys' fees of $28,405 and additional expenses of $15,361.

A final order will issue ten days from the date of this Memorandum Opinion if no request is made by the Defendants for a hearing on the fees and expenses herein ordered.

/s/
Henry E. Hudson
United States District Judge

Date: Jan. 8, 2014
Richmond, VA